**MN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 92–444.**

United States Court of Veterans Appeals.

Feb. 5, 1993.

---

Before KRAMER, Associate Judge.

### MEMORANDUM DECISION

KRAMER, Associate Judge:

Appellant appeals a January 22, 1992, decision of the Board of Veterans' Appeals (BVA) which denied entitlement to service connection for human immunodeficiency virus (HIV) infection. The Secretary of Veterans Affairs (Secretary) has filed a motion for summary affirmance. The Court has jurisdiction under 38 U.S.C. § 7252(a) (formerly § 4052(a)).

Appellant served on active duty from December 1977 to November 1983. In its decision, the BVA stated that although appellant's HIV infection was not diagnosed, or otherwise noted, in service, "there is a remaining question of whether his intestinal symptoms in service were early manifestations of his HIV infection." BVA 92–01398, at 4 (Jan. 22, 1992). In answering that question in the negative, the BVA relied upon a Department of Veterans Affairs (VA) medical board opinion, dated January 31, 1991, which concluded that appellant's "episode of colonic inflammation in 1983 is not HIV related." R. at 401.

Based upon a review of the record on appeal, the Court notes that in addition to appellant's intestinal symptoms, he had a myriad of other symptoms and diagnoses in service, most of which were not considered by the VA medical board. These include: sore throat (R. at 15, 29, 63, 72, 74–77, 120); congestion (R. at 23, 25, 27, 29, 51–53, 71, 76–77); coughing (R. at 23, 27, 74); fatigue, weakness, myalgia (R. at 15, 29, 70, 94, 100, 120, 125); viral syndrome, infectious mononucleosis (R. at 79–84, 88); neutropenia (R. at 85); splenomegaly (R. at 85); no evidence found to support splenomegaly, but evidence did show "hepatocellular dysfunction, with inhomogeneous tracer distribution and shift of the tracer activity" (R. at 101); beta strep (R. 89–90, 92); bronchitis (R. at 124); anorexia (R. at 120); hepatitis (R. at 91); lymphocytosis (R. at 83, 100).

Summary disposition is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *See Frankel v. Derwinski*, 1 Vet.App. 23 (1990). The Court denies the Secretary's motion and vacates and remands the BVA decision. Upon remand, the BVA is to obtain a further opinion as to the probability that any disease or symptomotology referenced in this decision, or otherwise referenced in the appellant's ser-

vice medical record, represented the presence of appellant's HIV infection.